UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RECEIVER RALPH S. JANVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:10-CV-1002-N-BG |
| | § | |
| v. | § | |
| | § | |
| JOSE MANUEL FERNANDEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# REPORT AND RECOMMENDATION

This action is one of many brought by court-appointed Receiver Ralph S. Janvey (Receiver) to recover monies allegedly used to further R. Allen Stanford's Ponzi scheme. In this action, the Receiver alleges that the Defendants (Stanford Investors) purchased certificates of deposit (CDs) issued by Stanford International Bank, Ltd. and collectively received at least $41.8 million in CD proceeds from the same. The Receiver further alleges that each of the Stanford Investors received more in CD proceeds than they invested in the CDs: he alleges that they received $6.9 million in excess of the amount invested. The Receiver now seeks disgorgement of the proceeds pursuant to fraudulent transfer law and, in the alternative, the doctrine of unjust enrichment.

This Report and Recommendation collectively addresses five motions to dismiss (ECF Nos. 32, 57, 85, 93, 94) that were brought by Stanford Investors and referred to the undersigned magistrate judge for findings, conclusions, and recommendations. *See* Orders, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N-BG (N.D. Tex. Dec. 11, 2012, Feb. 13, 2014) (ECF Nos. 34, 50).

Stanford Investors Edwin S. Rubin Estate and Robert Rubin (ECF No. 32); R. Glenn Sherrill, Jr. (ECF No. 57); Sharon Jerene Marable (ECF No. 85); Ronald F. Bearden (ECF No. 93); and Sino US Catering Development Company, Ltd. (ECF No. 94) bring a number of arguments contending that the Complaint should be dismissed pursuant to Rules 8(a), 9(b), 12(b)(1), and 12(b)(6). Defendant Sherrill alleges an additional ground for dismissal under Rule 10(a).

**I.     Discussion**

The Stanford Investors assert that the Receiver lacks standing to bring the claims in this action because the government of Antigua and Barbuda appointed joint liquidators to bring such actions; they contend that dismissal should therefore issue under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Given the settlement agreement between the Receiver and the liquidators, which this court approved, the investors' argument should be rejected as moot. *See* Order, *SEC v. Stanford Int'l Bank, Ltd.*, 3:09-CV-298-N-BG (N.D. Tex. Apr. 11, 2013) (ECF No. 1844).

The court should also reject the investors' arguments that dismissal should issue under Rules 8 and (12)(b)(6). The court has rejected the same arguments advanced by other Defendants in the Stanford multi-district litigation and has construed the same types of allegations the Receiver brings in this action as fraudulent transfer actions brought pursuant to the Texas Uniform Fraudulent Transfer Act (TUFTA). The court should do the same in this case. The Receiver alleges that R. Allen Stanford and others operated a Ponzi scheme; CD proceeds from the Ponzi scheme were transferred to the Defendants for the purpose of concealing and perpetuating the scheme and with actual intent to hinder, delay, or defraud creditors; and the Receiver is entitled to recover the CD proceeds unless the Defendants can prove both objective good faith and reasonably equivalent

2

value. Compl. ¶¶ 5, 9–10 (ECF No. 1). In addition, the Receiver references TUFTA. *Id.* ¶ 11. These allegations are sufficient to state a fraudulent transfer claim. *See* Order, *Janvey v. Univ. of Miami*, 3:11-CV-041-N-BG, at 7–8 (N.D. Tex. July 11, 2013) (ECF No. 44) (finding that similar allegations stated a TUFTA claim). Further, contrary to arguments in the motions, the fact that the Receiver does not allege wrongdoing on the part of the Defendants is not fatal to his claim. *Janvey v. Alguire*, 846 F. Supp. 2d 662, 672 (N.D. Tex. 2011) ("The transferee's knowledge is irrelevant to determining whether transfers were made with an intent to defraud.").

The Receiver's allegations concerning unjust enrichment likewise satisfy the pleading requirements of Rule 8 and are sufficient to state a claim upon which relief can be granted. As in other actions that have survived motions to dismiss in the Stanford litigation, the Receiver alleges that the Stanford Investors obtained CD proceeds as a result of taking undue advantage, the Stanford Investors were unjustly enriched by their receipt of the CD proceeds, and the proceeds "in equity and good conscience belong to the Receivership." Compl. ¶ 12. Such allegations have survived similar arguments in other Stanford cases and should in this case. *See* Order, *Univ. of Miami*, at 10 (ECF No. 44) (finding that the Plaintiffs' allegation that the "University obtained a benefit from the Stanford Defendants' scheme that equity dictates they cannot retain justly" stated an unjust enrichment claim). The Stanford Investors' arguments that the Receiver has failed to allege the requisite elements of an unjust enrichment claim and/or put the investors on notice of the legal grounds under which he seeks relief are without merit.

Also without merit are the Stanford Investors' contentions that the Receiver fails to satisfy Rule 9(b)'s heightened pleading requirement. The court has previously rejected such arguments, finding that Rule 9(b) does not apply to claims such as those advanced by the Receiver in this case

and, even if it did, the Receiver's allegations are sufficient to survive a motion to dismiss. *Alguire*, 846 F. Supp. at 676–78; *see also* Order, *Janvey v. Merge Healthcare, Inc.*, 3:10-CV-1465-N-BG, at 7 (N.D. Tex. Apr. 16, 2014) (ECF No. 64). The court should do the same in this case.

Finally, the court should reject Defendant Sherrill's contention that the Receiver failed to meet the requirements of Rule 10(a). Sherrill argues that the caption of the Receiver's Complaint violates Rule 10(a) because it does not name each of the Investor Defendants. He contends that he is not a party to the action because he is not specifically listed in the caption. As Sherrill points out, Rule 10(a) requires that "[t]he title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). As Sherrill further points out, the caption of the Complaint in this action names only one Defendant. It should be noted, however, that the Receiver identified all of the Defendants, including Sherrill, in the Appendix that he filed with the Complaint. App. 4 (ECF No. 1–2). Based on this fact and because the court has rejected identical arguments, *see* Order, *Janvey Alguire*, 3:09-CV-724, at 19–20 (N.D. Tex. Sept. 26, 2011) (ECF No. 765) (the omission of each defendant's name in the caption did not cause the court confusion or inconvenience and consequently was not fatal), dismissal should not issue on this point.

## II. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **DENY** the Stanford Investors' motions in their entirety.

## III. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C.

4

§ 636(b)(1) (2014); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:     July 15, 2014.

_____
NANCY M. KOENIG
United States Magistrate Judge